[No. 14764.    Department Two. — October 29, 1892.]

WILLIAM NICHOLSON, APPELLANT, v. SAMUEL
GETCHELL, RESPONDENT.

ACTION TO ABATE NUISANCE — MANDATORY INJUNCTION — PROBABILITY OF
DANGER. —It is not necessary to show that an injury is inevitable, in or-
der to enable a party to maintain an action for a mandatory injunction
to abate a nuisance, but it is sufficient, as matter of final relief, if facts
are stated showing that danger is probable and imminent.

ID. — ABATEMENT OF BREAKWATER — PLEADING — DEMURRER. — A com-
plaint showing that the parties own land on opposite sides of a creek,
which curves sharply into the land of plaintiff, along an abrupt bank of
loose soil, and that defendant has built a breakwater, or bulkhead, on
the inside of the curve, whereby the rise of water will be turned against
plaintiff's land, to his damage, states facts showing that danger is prob-
able and imminent, and is sufficient, as against a general demurrer, to
justify final relief abating the breakwater as a nuisance.

APPEAL from a judgment of the Superior Court of
Humboldt County.

The facts are stated in the opinion.

*T. H. Selvage*, and *Denver Sevier*, for Appellant.

The averments of the complaint are of sufficient cer-
tainty to support an injunction without an allegation of
actual injury. (*City of Rochester* v. *Erickson*, 46 Barb.
95; 10 Am. & Eng. Ency. of Law, 83 h.)

*E. W. Wilson*, for Respondent.

Purely theoretical injuries based upon expressions of
opinion are not matters calling for the issuance of a
writ of injunction. (*Hoke* v. *Perdue*, 62 Cal. 545; *People*
v. *Canal Board*, 55 N. Y. 390; *Genet* v. *D. & H. C. Co.*,
122 N. Y. 505; *Thorn* v. *Sweeney*, 12 Nev. 251; *Sherman*
v. *Clark*, 4 Nev. 138; 97 Am. Dec. 516.) The defendant
did what he had a right to do, and if an injury resulted
therefrom, it was *damnum absque injuria*. (*Gardner* v.
*Stroever*, 81 Cal. 148; 89 Cal. 26; *Barnes* v. *Marshall*, 68
Cal. 569; *Lamb* v. *Rec. Dist.*, 73 Cal. 125; 2 Am. St. Rep.
775; *McDaniel* v. *Cummings*, 83 Cal. 515.)

TEMPLE, C. — This appeal is from a judgment entered upon demurrer to the complaint, the plaintiff having declined to amend. The action is for a mandatory injunction to prevent defendant from maintaining a certain breakwater which had already been built. Practically, the action is to abate the breakwater as a nuisance.

The demurrer is general, on the ground that the complaint does not state a cause of action. It is claimed that the complaint does not state facts which show probable damage, but only an opinion of the pleader that damage will ensue.

It is averred that the parties own land on opposite sides of Jacoby Creek, which is their common boundary; that the channel of the stream is about sixty feet wide, and makes a sharp curve into the land of plaintiff, and away from the land of defendant. On plaintiff's side of the stream, at the curve, the bank is abrupt and the soil loose, while on the other side the bank slopes gently.

The breakwater, or bulkhead, it is averred, consists of posts driven firmly into the ground three feet apart and planked to the height of about four feet from the ground, the upper end resting against defendant's land, and extending down stream and out toward the center toward plaintiff's land a distance of one hundred feet, and is continued down the creek by a fence in the bed of the creek for about ten rods, so that in the event of a rise in the waters of the creek the water will necessarily be turned against plaintiff's land.

Jacoby Creek is a mountain stream carrying little water in the summer, but subject to sudden freshets, when it rises in a short time to a great height, falling rapidly when the storm abates.

The breakwater is located on the inside of the sharp curve, and will inevitably throw the water, in case of freshet, with great force to the concave bank, and damage will inevitably ensue.

The universal tendency is for a stream to wash from the bank on the outside of a curve, and to fill in the inside, and the effect of the breakwater described in the

complaint must inevitably be greatly to increase this natural tendency. The facts being as alleged, there was no excuse for a bulkhead on defendant's bank. I think the complaint states facts showing that danger was probable and imminent, and therefore the demurrer should have been overruled.

A preventive injunction was not asked, and perhaps, as to some extent the effect of the breakwater must be matter of opinion and the necessity for immediate relief not urgent, the facts would not have justified such interposition. The court would not interfere until after trial, but it is not necessary to show that injury is inevitable, to enable the plaintiff to maintain an action. Such a rule as that proposed would prevent relief in a large class of cases, where the interposition of a court is absolutely necessary to prevent great and irreparable injury. Even in plain cases it would seldom be possible to know that the injury was certain to occur. That it is very probable should be made to appear by the statement of facts, from which the court will be able to conclude the injury probable. It seems to me that was done in this case.

I think, therefore, the judgment should be reversed, and the cause remanded, with directions to the lower court to overrule the demurrer.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, with directions to the court below to overrule the demurrer.

SHARPSTEIN, J., DE HAVEN, J., McFARLAND, J.